OPINION
PER CURIAM.
This appeal came before us for argument on Appellant Precision Communications, Inc.’s (“Precision”) objection to the district court’s order enforcing a global settlement agreement among the three parties to this wrongful death litigation. The original lawsuit arose from an accident in which Charles Grant Balwanz, II (“decedent”) died after falling 1,100 feet in a disabled man-basket from which he was painting a broadcast tower’s guy-wires. The broadcast tower’s owner hired Precision to paint the guy-wires; Precision, in turn, subcontracted the job to Shane Davis, which in turn subcontracted with decedent. Decedent’s estate and survivors sued Precision, Shane Davis, and a third party in a wrongful death and survivor’s action. Early in the proceedings, however, Shane Davis and the third party settled with Balwanz, leaving Precision the only defendant. Precision, however, filed a third-party complaint for equitable indemnity and negligence to bring Shane Davis back into the case.
With the district court’s encouragement and assistance, Balwanz, Precision, and Shane Davis entered into settlement nego *178 tiations just before the start of trial. The district court found that as a result of those negotiations: (1) “counsel for plaintiff advised the court that plaintiff would accept [the settlement],” District Court’s Order Nunc Pro Tunc, J.A. at 103, (2) Precision “agreed to front the settlement and leave open the third-party action until Shane Davis received approval,” id. at 104 (emphasis added), and (3) Shane Davis “secured the full $100,000 and advised Precision accordingly,” id. at 105. On the basis of these underlying facts the court reached the overarching conclusion that each of the parties — including Precision and Balwanz — agreed to the global settlement. Precision does not specifically challenge any of these predicate findings that underlay the district court’s conclusion that the parties agreed to the global settlement.
Moreover, although at argument counsel for Precision maintained that Precision did not consent to the settlement agreement at any time, Precision makes no such unequivocal assertions in its written submission. There, Precision makes statements only to the following effect:
As evidenced by the record in this case, it is not clear that a complete agreement had been reached among the parties to accept Judge Duffy’s recommendation. Appellant’s Br. at 10 (emphasis added).
Precision argues that the clear error in the district court’s conclusion is borne out by the fact that it and Balwanz allegedly expressed their disagreement with the proposed settlement. Of course, that Precision and Balwanz subsequent to the telephone call with the district court expressed their disagreement with the proposed settlement (if true), does not establish that the district court erred in its finding that these two parties previously agreed to the proposed settlement.
Upon review of the parties’ briefs and their oral arguments, and upon our consideration, it is hereby ordered that the judgment of the district court is affirmed on the reasoning of that court.

AFFIRMED.